IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL TORRES : | |
|    Petitioner, : | |
| : | CIVIL ACTION NO. 08-CV-6057 |
| v. : | CRIMINAL NO. 03-CR-355-02 |
| : | |
| UNITED STATES OF AMERICA : | |
|    Respondent. : | |
| : | |

## MEMORANDUM AND ORDER

**Tucker, J.**

**November____, 2012**

Presently before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 154) and the Government's Motion in Opposition (Doc. 159). For the following reasons, the Court will deny Petitioner's Motion.

## BACKGROUND

On February 10, 2005, a grand jury in the Eastern District of Pennsylvania returned a third superseding indictment of Angel Torres, charging him with one count of conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951 (the Hobbs Act); ten counts of interference with interstate commerce by robbery, also in violation of the Hobbs Act; and ten counts of knowingly using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The charges stemmed from ten gunpoint robberies of bars, pizza shops, and food stores between the dates of December 27, 2002 and January 28, 2003. On February 23, 2005, following a seven-day trial, the jury found Torres guilty of all charges.

1

On November 29, 2005, the district court imposed a sentence of 262 years imprisonment, a term of supervised release of five years, restitution of $4,575, no fine, and a special assessment of $2,100. Torres filed a timely appeal. On October 15, 2007, the Third Circuit Court of Appeals affirmed the conviction of Torres. Torres subsequently filed a petition for writ of certiorari, which was denied by the United States Supreme Court on January 7, 2008. On December 26, 2008, Torres filed a pro se motion to vacate, set aside, correct sentence under 28 U.S.C. § 2255.[1] On October 26, 2010, Torres filed a second motion under 28 U.S.C. § 2255 on the district court's standard form, along with a memorandum of law in support thereof.

In his current petition, Petitioner claims that (1) counsel was ineffective for failure to object to the district court's imposition of sentence without proper consideration of § 3553(a) factors; (2) counsel was ineffective for failure to object to the district court's jury instruction on aiding and abetting; (3) counsel was ineffective for not appealing the finding of guilt on nine out of the ten § 924(c) counts because the counts were based upon the same unit of prosecution; and (4) counsel was ineffective for not appealing the verdicts on the § 924(c) because the mandatory provisions of the statute are unconstitutional.

## **LEGAL STANDARD**

The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The two-pronged *Strickland* test requires the defendant to show not only that counsel's performance was deficient, but also that such deficient performance prejudiced the defense. *Id*. at

---

[1] Petitioner's first motion pursuant to §2255 was dismissed without prejudice due to Petitioner's failure to submit his petition on the required standard form prescribed by this Court. (Doc. 153)

687. In order to prove deficiency of counsel, defendant must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. *Id*. Furthermore, defendant must prove that counsel's performance prejudiced the defense by illustrating that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Id*. In addition, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694. If petitioner does not satisfy either prong of the test, his claim for ineffective assistance of counsel fails, making a determination on the remaining prong unnecessary. *Id*. at 697.

## DISCUSSION

### A. Proper Consideration of § 3553(a) Factors

Petitioner challenges his conviction on grounds that counsel was ineffective for failure to object to the district court's imposition of sentence without proper consideration of § 3553(a) factors. Federal sentencing law requires the district judge to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of federal sentencing, in light of the Sentencing Guidelines and other factors pursuant to 18 U.S.C. § 3553(a). *See Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011). In assessing post-Booker sentencing, the Third Circuit has determined that [t]here are no magic words that a district judge must invoke when sentencing, but the record should demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record. *United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006). Additionally, if the district court's sentence is procedurally sound, [the Third Circuit] will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the

reasons the district court provided. *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009).

According to Petitioner, a review of the sentencing transcript reveals that the District Court treated the sentencing guidelines as mandatory and never considered §3553(a) factors. Petitioner's Brief 5. Petitioner specifically states that his sentence was substantively unreasonable because it resulted in a significant disparity from his co-defendant's 20 year sentence. *Id.* at 3. Indeed, district courts are to look to "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6). However, the intent of § 3553(a)(6) is to promote national uniformity among similarly-situated defendants, not uniformity among co-defendants. *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). The Third Circuit has held that a defendant "cannot rely upon § 3553(a)(6) to seek a reduced sentence designed to lessen disparity between co-defendants' sentences." *Id.* Thus, a disparity in Petitioner's co-defendants' sentence does not constitute error. *United States v. Hart*, 273 F.3d 363, 379 (3d. Cir. 2001).

Further, Petitioner describes only one of the seven sentencing factors that the court must consider in imposing sentence. In considering the "totality of the circumstances of this case," the Court considered each of the § 3553(a) factors, taking into account Petitioner's history and characteristics, the impact of such sentence on his family, and the severity of Petitioner's offense. Tr. N.O.T. 11-29-05 p. 11 – 12. After consideration of these factors, the court sentenced Petitioner to 262 years imprisonment, which is within advisory guideline range. Because the record "reflects rational and meaningful consideration of the factors enumerated in § 3553(a) factors," *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007), this Court finds that the sentence in this case was reasonable and appellate counsel was not ineffective for failing to appeal Petitioner's conviction.

4

**B. Sufficiency Grounds for Finding of Guilt on Aiding and Abetting Theory**

Petitioner moves to vacate his sentence on grounds that the District Court abused its discretion when instructing the jury with respect to the legal principle of aiding and abetting. Petitioner argues that the Government failed to produce sufficient evidence under the aiding and abetting theory because the prosecutor never identified the principal actor. Petitioner's Brief 7-8. For support, Petitioner relies on district court cases holding that to convict a defendant of aiding and abetting a substantive crime, the government must prove that the underlying crime was committed by someone other than the defendant. *Id.* While the Court agrees that the evidence must establish that the crime in question was committed by someone other than Petitioner, "[i]t is not a prerequisite to the conviction of the aider and abettor that the principal be tried, convicted, or in fact even identified." *See United States v. Wasserson*, 418 F.3d 225, 233 (3d Cir. 2005) (quoting *United States v. Provenzano*, 334 F.2d 678, 691 (3d Cir. 1964)).

Further, the mere fact that Petitioner and his co-defendant were both convicted of aiding and abetting does not suggest that the Government failed to meet its burden. Courts have upheld a finding of guilt as an aider and abettor for a defendant who had been charged as a principal – and vice versa. *See Nye & Nissen v. United States*, 336 U.S. 613 (1949); *United States v. Bell*, 457 F.2d 1231, 1235 (5th Cir. 1972); *United States v. Leeper*, 413 F.2d 123, 127 (8th Cir. 1969); *United States v. Ramsey*, 374 F.2d 192, 196 (2d Cir. 1967). "The fact that a particular case might conceivably be submitted to the jury on either theory is irrelevant." *Nye & Nissen*, 336 U.S. at 620. In light of the overwhelming evidence of Petitioner's guilt as a principal,[2] the Court

---

[2] Remarkably, Petitioner does not challenge that the evidence against him was insufficient. Torres's co-defendant, Jamie Valentin, testified that it was Torres who first showed him guns and told him that he wanted to rob places. Valentin further testified that he and Torres used the van belonging to Torres to carry out robberies, that Torres was the one who supplied him with a gun for each of the robberies for which Valentin carried one, and that it was Torres who selected

5

properly instructed the jury on an aiding and abetting legal theory and Petitioner's trial and appellate counsel was not ineffective for failing to challenge the court's jury instruction.

**C.    District Court's Instruction on Hobbs Act and § 924(c) counts**

Petitioner's next argument for vacatur focuses on the district court's instruction on the Hobbs Act counts and § 924(c) counts. Specifically, Petitioner contends that the Court's instructions "were constitutionally flawed and did not include assigning to each of the Hobbs Act counts a specific § 924(c) count alleging that movant knowingly and unlawfully used and carried a firearm during and in relation to that specific crime of violence; that specific predicate offense." Petitioner's Brief 11. Petitioner further avers that such failure to assign a specific § 924(c) count to each Hobbs Act count created a "substantial likelihood that at least one juror may have been confused" and, as a consequence, based the § 924(c) counts on the same unit of prosecution. Because the jury instructions did not firmly exclude such possibility, Petitioner avers that his convictions violated the Double Jeopardy Clause, which now requires nine out of the ten § 924(c) counts to be vacated. Petitioner's argument is unavailing.

In reviewing a jury charge, the court must determine "whether the charge, taken as a whole and viewed in light of the evidence, fairly and adequately submits the issues in the case to the jury," and reverse "only if the instruction was capable of confusing and thereby misleading the jury." *Limbach Co. v. Sheet Metal Workers Int'l Ass'n*, 949 F.2d 1241, 1259 n.15 (3d Cir. 1991) (citation omitted). When interpreting jury instructions, the reviewing court considers the totality of the instructions and not a particular sentence or paragraph in isolation. *Id.* Failure to instruct the jury as requested by the Petitioner does not constitute error so long as the instruction,

---

each of the business to rob. Additionally, it was Torres who was identified by witnesses as the one who appeared to be the leader, and who was calling the shots during at least nine of the ten robberies.

taken as a whole, properly apprises the jury of the issues and the applicable law. *Id.*

Viewed in light of the evidence, the verdict sheet and instructions given in this matter did fairly and adequately explain each of the counts charged in the indictment, including the dates on which each offense occurred. The chronological order of the counts properly directed jurors to consider each Hobbs Act count with its corresponding § 924(c) count. Following the conspiracy count (Count One), each of the robberies were charged via the actual robbery count being listed first, immediately followed by the § 924(c) count that corresponded to it. This format was explained by the Court to the jury before they retired to deliberate, and the Court further instructed the jury to consider each charge individually. Tr. N.O.T. 02-22-05 p. 105. The mere fact that the Court did not to adopt the instruction now suggested by Petitioner does not make the instruction constitutionally infirm.

Moreover, the jurors are presumed to have followed these instructions. *United States v. Givan*, 320 F.3d 452, 462 (3d Cir. 2003). Had the jury desired further information or clarification, they might, and probably would, have signified their desire to ask the Court. *See Weeks v. Angelone,* 528 U.S. 225, 235 (2000). As the Government points out, the fact that the jury had no questions for the Court during the course of its deliberations supports the fact that there was no confusion with respect to the instruction. Because the instructions were completely proper, Petitioner's counsel was not ineffective for failing to challenge them.

### D.     Constitutionality of 18 U.S.C. § 924(c)

Petitioner seeks to have his conviction vacated on grounds that § 924(c) is unconstitutional because its mandatory minimum provisions do not allow the district court discretion to impose a lower sentence based upon the individual characteristics of a defendant.

7

Notably, this same argument was rejected by this Court when raised by Petitioner at the sentencing hearing. Tr. N.O.T. 02-29-05 p. 3-4. For the second time, this Court will reject Petitioner's argument.

The Third Circuit "has repeatedly rejected due process challenges to mandatory sentencing schemes on the ground that there is no due process right to individualized sentencing." *United States v. Walker*, 473 F.3d 71, 76 (3d Cir. 2007). Contrary to Petitioner's assertion, there is no constitutional right to individualized sentencing by a judge. "Congress has the power to define criminal punishments without giving the courts any sentencing discretion." *Chapman v. United States*, 500 U.S. 453, 467 (1991). "A sentencing scheme providing for 'individualized sentences rests not on constitutional commands, but on public policy enacted into statutes.'" *Id.* (quoting *Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978)). Accordingly, this Court will continue to respect the limitations placed on its discretion and reject Petitioner's constitutionality argument. Appellate counsel was not ineffective for failing to re-address this motion on appeal, as failure to raise what is a frivolous claim cannot serve a basis for an ineffective assistance of counsel claim.

E. **Certificate of Appealability**

Upon denying a § 2255 Petition, Federal Rule of Appellate Procedure 22(b) and 28 U.S.C. § 2253 require the Court to determine whether a certificate of appealability ("COA") shall be issued. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253. As set forth in this Memorandum denying Petitioner's § 2255 Petition, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, this Court will not issue a certificate of appealability in this matter.

## **CONCLUSION**

After careful review of the record, the Court concludes that Petitioner's Habeas Petition to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied. An appropriate Order follows.